IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00042-BNB

CYRIL S. PLUMMAN,

    Plaintiff,

v.

WARDEN T.K. COZZA-RHODES,
CAPTAIN P. KLEIN,
ASSOCIATE WARDEN BLUDWORTH, Programs,
S.I.S. M. CLARK,
S.I.S. ELLIOT,
UNIT MANAGER M. TUCKER, Pueblo/Alpha, and
UNIT COUNSELOR BARBARA BATULIUS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution (FCI) in Florence, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a letter. Magistrate Judge Boyd N. Boland reviewed the Letter, determined that Plaintiff was challenging the conditions of his confinement, and instructed Plaintiff to file his claims on a Court-approved form used in filing prisoner complaints. Plaintiff filed a Prisoner Complaint on March 4, 2013. Magistrate Judge Boland reviewed the March 4 Complaint and found that Plaintiff failed to comply with Fed. R. Civ. P. 8 and to assert personal participation by each named defendant. Plaintiff was instructed to amend the Complaint and show how each named individual caused the deprivation of a federal right. Plaintiff filed an Amended Complaint on March 27, 2013.

The Court must construe the Amended Complaint liberally because Plaintiff is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

Plaintiff asserts three claims. In Claim One, he alleges that he is incorrectly classified and placed at FCI-Florence. Plaintiff further alleges that Defendant S.I.S. Clark told him that he should not be housed at FCI because the "Native on this yard don't let your kind walk here." Am. Compl., ECF No. 17, at 2. Plaintiff also alleges that he "placed" himself in protective custody and in the Special Housing Unit (SHU) until it was safe to "go on the yard," but on July 19, 2012, the warden "threatened [him] to go on the yard, or [he would] receive a charge." *Id.* Plaintiff further alleges that he has attempted to correspond with the warden and associate warden and to file an administrative remedy, but the warden and associate warden do not respond to his copouts and Defendants M. Tucker and Barbara Batulius lost his administrative remedies. Finally, Plaintiff alleges that (1) he is treated wrongly by the SHU staff because of his criminal case; (2) he is scrutinized by prison staff; (3) he has been locked-down 24/7 since September 25, 2012; and (4) he is being set-up to be hurt both physically and mentally, which prison staff ignores.

In Claim Two, Plaintiff alleges that prison staff has discriminated against him

since April 26, 2012, when he arrived at FCI-Florence.  Plaintiff further alleges that, even though he has respected staff, he has been called discriminatory names because he is an Indian and placed in harms way due to the nature of his conviction.

In Claim Three, Plaintiff alleges that Defendants Tucker and Batulius lost his administrative remedy requests on three separate occasions.  Plaintiff also states that he should be housed at a "low facility" based on his points.  Am. Compl. at 7.  Plaintiff seeks a transfer to a different prison facility.  For the reasons stated below, the Complaint and action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Overall, it appears that Plaintiff is challenging his current placement and classification.  The Constitution does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison.  *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner.  *Meachum*, 427 U.S. at 224.  Plaintiff, therefore, does not have a liberty interest or right to be transferred to another prison facility.

Also, Plaintiff's Eighth Amendment claim lacks merit.  A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities.' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v.*

*Chapman*, 452 U.S. 337, 347 (1981)).  In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted).  The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing.  *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Claim One is conclusory and vague because Plaintiff fails to assert how each named Defendant personally participated in violating his Eighth Amendment rights.  Although Plaintiff asserts disparate treatment due to the nature of his conviction and to his race, Plaintiff does not assert specific acts by any named Defendants that rise to the level of an Eighth Amendment claim.  Plaintiff does assert that Defendant S.I.S. Clark stated Plaintiff does not belong at FCI-Florence, but this alone does not state a violation of Plaintiff's constitutional rights.  Plaintiff also asserts that he wrote copouts to the warden and to the associate warden about his confinement, but without a claim of a specific violation of his Eighth Amendment rights, and for the reasons stated below regarding personal participation, the warden and associate warden are not implicated in Plaintiff's Eighth Amendment claim.  Claim One, therefore, for the most part will be denied.

In Claim Two, Plaintiff fails to assert what acts of invidious discrimination were committed against him other than name-calling.  He also fails to assert who committed the discriminatory acts.  Although he claims he wrote letters to all parties about the inappropriate remarks, writing a letter to an individual about a constitutional violation does not establish personal participation by the recipient of the letter under § 1983.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation and brackets omitted). Claim Two, therefore, will be denied.

As for the lost administrative remedy request claims that Plaintiff asserts against Defendants Batulius and Tucker in Claims One and Three, Plaintiff does not assert that either defendant intentionally lost his remedy requests. Plaintiff also does not contend that he was denied the opportunity to obtain request forms or to appeal the loss of the requests. Plaintiff does, however, make a fleeting reference to retaliation by prison staff under Section "C. Nature of the Case." Nonetheless, Plaintiff does not state in any section of the Complaint form that Defendants Tucker and Batulius retaliated against him for challenging the conditions of his confinement.

Even if the Court were to construe Plaintiff's lost request claim as a retaliation claim, nothing Plaintiff asserts supports such a claim. "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Plaintiff fails to assert specific facts showing

that Defendants Batulius and Tucker lost his remedy requests in retaliation for filing grievances.

Base on the above findings, the Court will dismiss the Complaint as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  4th  day of    April           , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court